UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWANN ARTHUR, as Personal Representative
of the Estate of WARREN ANDERSON, Deceased

    Plaintiff,

                                                       Case No. 19-11277
                                                     Hon. Victoria A. Roberts
v.

CORRECTIONS OFFICERS NATHAN HELPER,
HAMILTON, WRIGHT, and LEVY,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REVISED MOTION TO DISMISS [ECF #10]**

    **I.      INTRODUCTION**

Plaintiff Dwann Arthur ("Plaintiff") is personal representative of the estate of Warren Anderson, deceased ("Anderson"). Defendants are corrections officers Helper, Hamilton, Wright, and Levy ("Defendants"). Plaintiff brings this civil rights action for damages under 42 U.S.C. §§ 1983, 1985, and 1986; the Eighth and Fourteenth Amendments to the United States Constitution; and related state law claims, on behalf of Anderson. These claims stem from Anderson's health care while incarcerated.

Defendants move to dismiss Count II of Plaintiff's complaint and claims for survivors' losses attached to Counts I and II.

For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss in part and **DENIES** it in part.

1

## II. BACKGROUND

A short summary of the facts is sufficient.

Anderson was housed at Parnall Correctional Facility when he began to exhibit serious medical symptoms, including respiratory distress, inability to walk, physical weakness, and rapid breathing. Defendants allegedly ignored these symptoms and failed to respond to Anderson's cries for help despite their awareness of the severity of the situation, resulting in Anderson's death around April 8, 2018.

Count I of Plaintiff's complaint is a deliberate indifference claim under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. Count II is a state-law claim for gross negligence. Counts I and II rely on the same facts and allegations. This is the basis for Defendants' motion to dismiss Count II: they say Plaintiff cannot bring a claim of gross negligence based on the same facts underlying a federal constitutional torts claim.

Plaintiff makes claims for survivor's losses on both the federal and state claims.

Defendants also argue: (1) the Court should decline to extend supplemental jurisdiction over the state law claims, and (2) Plaintiff cannot bring a claim attached to Counts I for survivor's losses such as loss of companionship and society, under 42 U.S.C. § 1983.

The Court GRANTS the Motion to Dismiss Count II and DENIES it for claims for survivor's losses. The issue of supplemental jurisdiction is moot.

## III. LEGAL STANDARD

To survive a motion to dismiss, the nonmoving party must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The facts must be construed in the light most favorable

to the nonmoving party. *Power & Tel. Supply Co. v. SunTrust Banks, Inc*. 447 F.3d 923, 929–30 (6th Cir.2006) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)).

In light of this standard of review, Plaintiff alleges sufficient facts that the claim for survivor's losses attached to the federal deliberate indifference claim is plausible on its face. The claim for gross negligence is not plausible on its face and is dismissed.

IV. **ANALYSIS**

1. **Plaintiff cannot base a claim of gross negligence on the same underlying facts as a constitutional torts claim**

Plaintiff alleges deliberate indifference to Anderson's medical needs under 42 U.S.C. § 1983 in Count I, and a state-law claim for gross negligence in Count II. Plaintiff relies on the same facts for the state-law claim and the federal claim. Defendants argue that a state-law claim for gross negligence cannot be based on the same facts as an underlying Eighth Amendment claim, relying on *VanVorous v. Burmeister*, Mich. App. 467, 687 N.W.2d 132 (2004).

Plaintiff argues that *VanVorous* only applies to cases that involve intentional torts such as excessive force. Plaintiff is wrong.

***VanVorous* and its application to this case**

In *VanVorous*, the plaintiff was the estate of VanVorous, deceased. Plaintiff filed federal tort claims under § 1983 after defendant police officers shot and killed decedent. Plaintiff also filed a related state-law gross negligence claim in federal court. *Id.* at 135-37. The gross negligence claim alleged the same facts as the § 1983 claim. *Id.* at 139. The district court dismissed the state law claims because the defendant had qualified immunity; the Sixth Circuit affirmed the dismissal on appeal. *VanVorous v. Burmeister*, 2001 WL 1699200, at *1 (W.D. Mich. Dec. 26, 2001); *VanVorous v. Burmeister*, 96 Fed.Appx. 312, 314-15 (6th Cir. 2004). The plaintiff also filed the state-law claim for gross negligence in state court. *VanVorous*, 687 N.W.2d at 139. The

3

defendants moved for summary judgment on the gross negligence claim because it relied on the same facts as the federal excessive force claims and had no independent basis. *Id.* at 141. The state trial court granted summary judgment to the defendant, and the Michigan Court of Appeals affirmed. *Id.* The Court of Appeals noted that it had consistently resisted attempts to "transform claims involving elements of intentional torts into claims of gross negligence." *Id.* at 143.

The principle of law that emerged from *VanVorous* is that claims for gross negligence cannot rely only on the same facts and allegations as an underlying federal claim for an intentional tort.

The Sixth Circuit adopted the Michigan Court of Appeals reasoning in *VanVorous* for cases that apply Michigan law to claims for gross negligence based on the same facts as Eighth Amendment intentional torts claims. *Brent v. Wayne Cnty Dept of Human Servs.*, 901 F.3d 656, 701 (6th Cir. 2018) held that gross negligence claims can proceed in the same case as federal intentional torts if an independent cause of action exists for the gross negligence claim. In *Brent*, defendants breached a duty unrelated to the intentional tort claims, and the court allowed the gross negligence claims because there was an independent statutory basis and claims relied on different facts than the § 1983 claims. *Id.*; *see also Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011) (holding in relevant part that plaintiff's state-law claim of gross negligence was without merit because it relied on the same facts as the excessive force claim).

**Plaintiff relies on precedent that equates deliberate indifference and gross negligence in the context of state-official immunity; this reliance is misplaced**

Plaintiff's argument—that *VanVorous* only limits gross negligence claims when they are based on the same facts as an excessive force claim—is misplaced. At issue in the cases that Plaintiff relies on is governmental immunity, where gross negligence and deliberate indifference to medical needs are equivalent. Defendants do not assert governmental immunity here.

4

This case does not have an independent basis for the gross negligence claim; the duty that Defendants allegedly breached is the same for the federal and state claims.

The Court dismisses Plaintiff's gross negligence claim.

## 2. The Michigan Wrongful Death Act applies to the § 1983 claim. Anderson's family can make claims for survivor's losses

Defendants argue that § 1983 only creates a cause of action personal to the alleged victim, and does not allow family members to file independent claims for survivor's losses. Defendants rely on *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Plaintiff argues that the Michigan Wrongful Death Act is the applicable standard, which does allow for survivor's losses. Mich. Comp. Laws § 600.2922(6)

While Defendants are correct that *Claybrook* holds that § 1983 only creates a personal cause of action for the alleged victim, *Claybrook* applies Tennessee state law, which does not allow for the family of the victim to collect survivor's losses. *See also Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984) (applying Ohio wrongful death statute with no provision for survivor's losses).

**Michigan law does provide for survivor's losses**

The Michigan Wrongful Death Act provides for "reasonable medical, hospital, funeral, and burial expenses . . . reasonable compensation for the pain and suffering, while conscious, undergone by the deceased . . . and damages for the loss of financial support and the loss of the society and companionship of the deceased." Mich. Comp. Laws § 600.2922(6).

Congress recognized that § 1983 may not be sufficient on its own to protect civil rights. 42 U.S.C. § 1988 provides that where the remedies of § 1983 are "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law," the law of the forum state fills the gaps if the state statute "is not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a).

The Sixth Circuit found that the Michigan Wrongful Death Act applies to § 1983 actions via § 1988. *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 601 (6th Cir. 2006) ("Michigan's wrongful death act, to repeat, authorizes an award of damages for survivors' losses of support, society, and companionship. The fact that such damages were not awarded in the unusual circumstances of this case does not render the act ineffective as a deterrent."). Therefore, the Court must apply relevant Michigan state law to Plaintiff's claims.

Defendants cite to *Valerie v. Mich. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 93558 (W.D. Mich. Nov. 17, 2008) as evidence that § 1983 does not create a cause of action for survivor's loss even in Michigan cases. However, this case never addressed whether the Michigan Wrongful Death Act applies to § 1983 claims. The plaintiffs in *Valerie* only tried to apply the Michigan Wrongful Death Act to their claim in order to attach the possibility of punitive damages. The Court found that punitive damages were already available through federal claims, and so the applicability of the statute was moot. Because Plaintiff in this case argues that the Michigan Wrongful Death Act applies on different grounds, *Valerie* is not instructive.

The Michigan Wrongful Death Act applies to this § 1983 action pursuant to § 1988. There is no reason to bar Anderson's family from seeking survivor's losses, including the loss of society and companionship.

Plaintiff alleges sufficient facts to make the success of this claim plausible on its face.

## V. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss the state law claim for gross negligence and **DENIES** the Motion to Dismiss claims for survivor's losses attached to the federal deliberate indifference claim. The case will proceed on Count I in its entirety.

**IT IS ORDERED.**

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 10/11/19