UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWANN ARTHUR, as Personal Representative
of the Estate of WARREN ANDERSON, Deceased

    Plaintiff,

                              Case No. 19-11277
                              Hon. Victoria A. Roberts

v.

CORRECTIONS OFFICERS
NATHAN HEPLER, CHARLES HAMILTON,
DEREK WRIGHT, HEROLD LEVY,
SCOTT ANDREWS and JACOB JOSEPH,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR RECONSIDERATION [ECF No. 17]**

**I.    INTRODUCTION**

Plaintiff Dwann Arthur ("Plaintiff") is personal representative of the estate of Warren Anderson, deceased ("Anderson"). Defendants are Michigan Department of Corrections officers Nathan Hepler, Hamilton, Wright, Levy, Andrews and Joseph (collectively, "Defendants"). Plaintiff brings a deliberate indifference claim pursuant to 42 U.S.C. § 1983, and a related state law claim for gross negligence, on behalf of Anderson.

1

On October 11, 2019, the Court entered an order partially granting and partially denying Defendants' motion to dismiss. The Court held that Plaintiff's gross negligence claims could not proceed.

The order sets out the relevant facts and arguments; the Court does not repeat them here.

Plaintiff moves for reconsideration of the Court's order to dismiss his gross negligence claim. Plaintiff says the Court made two palpable errors: (1) the Court stated that Defendants do not assert governmental immunity, and (2) the Court misread the holding of *Brent v. Wayne County Department of Human Services*, 901 F.3d 656, 701 (6th Cir. 2018), which held gross negligence claims only require a common-law basis and not necessarily an independent statutory basis.

Plaintiff claims that correcting these errors will lead to a different outcome for his gross negligence claim. The Court agrees.

The Court **GRANTS** Plaintiff's motion for reconsideration.

**II.　LEGAL STANDARD**

Local Rule 7.1(h) allows a party to file a motion for reconsideration. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that a different disposition of the case must result from correction of the error. A palpable

defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller,* 972 F.Supp. 426, 427 (E.D. Mich. 1997).

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F.Supp.2d 628, 632 (E.D. Mich. 2001).

### III. DISCUSSION

Plaintiff alleges two distinct errors that he says the Court committed: (1) its statement that Defendants do not assert governmental immunity and (2) misinterpreting precedent. Plaintiff is correct. Correction of the first error results in a different outcome.

Defendants do assert governmental immunity in their Answer. [ECF No. 9, PageID.47] Such a defense is grounded in the Governmental Tort Liability Act ("GTLA"). Mich. Comp. Law § 691.1407(2)(c). The GTLA provides certain government officials immunity from tort liability if their conduct does not amount to gross negligence that is the proximate cause of a plaintiff's injuries or damages. § 691.1407(2)(c).

In light of the affirmative defense of immunity, a plaintiff can sustain a cause of action that alleges a defendant's conduct was grossly negligent and cannot be protected by immunity.

3

Once pled, a valid claim for gross negligence requires "proof of conduct 'so reckless as to demonstrate a substantial lack of concern for whether an injury results.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 627 (6th Cir. 2012) (citing *Maiden v. Rozwood*, 461 Mich. 109, 597 N.W.2d 817, 824 (1999)). Ordinary negligence does not suffice; it must be "as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id.* (citing *Tarlea v. Crabtree,* 687 N.W.2d 333, 339 (Mich. Ct. App. 2004)).

Under this standard, Plaintiff sufficiently pleads gross negligence. He alleges that Defendants ignored Anderson's cries for help and signs of his medical distress, as well as attempts from other inmates to get help for Anderson. [ECF No. 20, PageID.211]

Plaintiff says a common-law basis for gross negligence is sufficient to allow his claim to proceed. *Brent,* 901 F.3d at 701. He argues the Court erred when it stated gross negligence requires "an independent statutory basis." To support his argument that there is a common-law duty for correctional officers to avoid being grossly negligent to an inmate's medical needs, Plaintiff relies on *Dominguez v. Correctional Medical Services, Inc.*, 555 F.3d 543 (6th Cir. 2009) and *Quigley v. Tuong Vinh Thai*, 707 F.3d 675

(6th Cir. 2013). However, as Defendants point out, *Dominguez* and *Quigley* merely hold that Michigan law does not extend immunity to governmental employees whose conduct amounts to gross negligence. The Sixth Circuit did not create a new common-law duty.

Gross negligence has a statutory basis here: the GTLA. Whether it has an additional common-law basis is moot.

IV. **CONLCUSION**

The Court **GRANTS** Plaintiff's motion for reconsideration. The gross negligence claim may proceed.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 14, 2019